**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CLEAN WATER ACTION,<br><br>Plaintiff,<br><br>v.<br><br>J.P. ROUTHIER & SONS RECYCLING CORP.,<br><br>Defendant. | Case No.: 1:16-cv-10457-DPW |

**<u>CONSENT DECREE</u>**

WHEREAS, plaintiff Clean Water Action ("Clean Water Action") is a nationwide non-profit organization working for prevention of pollution in the nation's waters, protection of natural resources, creation of environmentally-safe jobs and businesses, and empowerment of people to make democracy work;

WHEREAS, defendant J.P. Routhier & Sons Recycling Corp. ("J.P. Routhier") operates, among other things, a tire recycling facility at 43 Willow Road in Ayer, Massachusetts that is the subject of this lawsuit (the "Facility");

WHEREAS, Clean Water Action alleges that stormwater from the Facility discharges to wetlands and waterways adjacent to the Facility, which discharge into Bennetts Brook, and that certain of these stormwater discharges are regulated pursuant to the federal Clean Water Act (the "Act") and covered by the Final National Pollutant Discharge Elimination System ("NPDES") Multi-Sector General Permit issued by the United States Environmental Protection Agency (the "Storm Water Permit"). *See* 33 U.S.C. §§ 1311(a), 1342(a), 1342(p); 65 Fed. Reg. 64746 (Oct. 30, 2000); 73 Fed. Reg. 56572 (Sept. 29, 2008);

WHEREAS, on November 30, 2015, Clean Water Action provided notice of alleged violations of the Act, and of Clean Water Action's intention to file suit against J.P. Routhier, to the Administrator of the United States Environmental Protection Agency ("EPA"); the Administrator of EPA Region I; the Massachusetts Department of Environmental Protection; and to J.P. Routhier, pursuant to Section 505 of the Act, 33 U.S.C. § 1365;

WHEREAS, following receipt of the November 30, 2015 Notice, J.P. Routhier has taken certain steps, including reviewing and enhancing on-site housekeeping and maintenance in areas potentially impacting stormwater quality, paving and contouring of portions of the site to reduce sedimentation and to direct stormwater to control structures, installing additional stormwater management stormwater control structures, including piping and catch basins, and conducting additional employee training;

WHEREAS, J.P. Routhier anticipates that these steps, together with implementation of the Best Management Practices ("BMPs") as required by the Storm Water permit and other measures set forth herein, will enable it to comply with applicable state water quality standards and any applicable effluent standards set forth in the Storm Water Permit;

WHEREAS, J.P. Routhier denies the allegations of Clean Water Action that J.P. Routhier has violated the Storm Water Permit or the Act;

WHEREAS, the parties have decided that it is in the best interests of all parties to resolve the litigation by agreement without adjudication of any fact, allegation, or law set forth above; and

WHEREAS, this Consent Decree ("Consent Decree") shall be submitted to the United States Department of Justice for the forty-five (45) day statutory review period pursuant to 33 U.S.C. § 1365(c).

Case 1:16-cv-10457-DPW Document 12-1 Filed 08/23/16 Page 3 of 14

NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES, AND ORDERED AND DECREED BY THE COURT, AS FOLLOWS:

**INJUNCTIVE RELIEF**

1. J.P. Routhier agrees to operate the Facility in compliance with the applicable requirements of the Storm Water Permit and the Act, including any amendments to the Storm Water Permit or the Act that may be made during the term of this Consent Decree.

2. J.P. Routhier shall implement the following measures:

A. Compliance Monitoring. J.P. Routhier shall ensure that stormwater samples collected are "representative of the volume and nature of the monitored activity." J.P. Routhier shall comply with Section 6 of the Permit, and with Appendix B, sections 10-12, thereto. J.P. Routhier shall follow the applicable monitoring procedures set forth in EPA's Industrial Storm Water Monitoring and Sampling Guide (March 2009) ("Sampling Guide") and J.P. Routhier's SWPPP. Sampling events shall be preceded by at least three (3) calendar days without storm water having been discharged from the sampled outfalls. J.P. Routhier shall provide Clean Water Action with copies of the analytical laboratory results of the sampling at the same time that it submits its sampling results to EPA. Nothing in this paragraph limits J.P. Routhier's sampling obligations under the Storm Water Permit.

B. Hardness Analysis. If J.P. Routhier recalculates the values for hardness applicable to the Facility pursuant to the Storm Water Permit during the term of this Consent Decree, J.P. Routhier shall submit to Clean Water Action documentation sufficient to demonstrate compliance with the requirements of the Storm Water Permit for such determination within five (5) business days of submission of such hardness values to EPA.

C. Reporting Practices. J.P. Routhier shall report monitoring data collected pursuant to the Storm Water Permit to EPA in accordance with Section 7.1 of the Storm Water Permit and shall note information required under Section 6 of the Storm Water Permit and, to the extent applicable, Appendix B, sections 10-12, thereto.

D. Involvement by Clean Water Action.

1. J.P. Routhier shall permit representatives of Clean Water Action to perform up to two site visits to the outdoors areas of the Facility during normal daylight business hours during each year for the two years following the Effective Date of this Consent Decree, provided that Clean Water Action notifies J.P. Routhier in writing at least two (2) business days in advance of any such site visit. For each such site visit, Clean Water Action personnel shall execute an access agreement and waiver of claims of the same type used during the original site visit to the Facility, comply with safety requirements, and be accompanied at all times by an employee of J.P. Routhier. During such site visit, Clean Water Action shall have access to and permission to copy J.P. Routhier's current SWPPP and any and all documentation required to be kept on site by the Storm Water Permit.

2. For two years following the Effective Date of this Consent Decree, J.P. Routhier shall provide Clean Water Action with copies of all documents that it submits to EPA, the Commonwealth of Massachusetts and/or the Town of Ayer concerning the Facility's stormwater discharges including but not limited to (a) all documents concerning the addition of stormwater controls; (b) all documents and reports submitted as required by the Storm Water Permit; (c) all laboratory reports and analytical results of storm water sampling performed by or for J.P. Routhier and submitted as required by the Storm Water Permit; and (d) all Annual Reports

Case 1:16-cv-10457-DPW Document 12-1 Filed 08/28/16 Page 5 of 14

submitted as required by the Permit. Any documents submitted to a governmental entity pursuant to this sub-paragraph, such as quarterly Discharge Monitoring Reports ("DMRs"), Annual Reporting Forms, or documents concerning approval of any stormwater improvements shall be submitted to Clean Water Action by emailing them to: nchorover@choroverlaw.com and compliance@cleanwater.org contemporaneous with submission to the governmental entity.

3. J.P. Routhier Quarterly Visual Inspection Forms and Quarterly Sampling Analytical Forms, including laboratory results for samples if not already provided, shall be submitted to Clean Water Action with the Annual Report.

**PAYMENT, FEES AND COSTS**

3. J.P. Routhier shall pay the sum of $14,500 (the "Payment") to the Merrimack River Watershed Council to fund projects intended to improve water quality in the Merrimack River Watershed. The Payment or any portion thereof shall not be disbursed or otherwise granted directly or indirectly to Clean Water Action. J.P. Routhier's payment to the Merrimack River Watershed Council shall be made in two (2) equal installments of $7,250 with the first payment due within thirty (30) days of the Effective Date of this Consent Decree, and the second payment due within one year of the Effective Date. The Payment shall be made out to the Merrimack River Watershed Council, and shall be delivered by certified mail, return receipt requested, or by nationally recognized overnight delivery company, to: Executive Director, Merrimack River Watershed Council, 60 Island Street, Suite 211-E, Lawrence, Massachusetts 01840. A copy of each such Payment shall be provided to Clean Water Action.

4. Clean Water Action represents that it will have incurred at least $14,500 in costs, including legal fees, to prosecute and settle this action, up through the entry of this Consent Decree. Within thirty (30) days of the Effective Date of this Consent Decree, J.P. Routhier shall

reimburse Clean Water Action in the amount of $14,500 to defray Clean Water Action's investigation fees and costs, expert fees and costs, and attorneys' fees incurred up to the date of entry of this Consent Decree. Payments shall be made by check or money order, made out to Law Office of Nora J. Chorover, Client Trust Account, and be delivered by certified mail, return receipt requested, or by nationally recognized overnight delivery company, to Nora J. Chorover, at the address listed in Paragraph 22.

5. J.P. Routhier shall pay to Clean Water Action $10,000 to be placed in the Client Trust Account held for its benefit by the Law Office of Nora J. Chorover, to be used to reimburse Clean Water Action for reasonable fees and costs incurred to monitor J.P. Routhier's compliance with this Consent Decree for a term of two years after the Effective Date of this Consent Decree (the "Monitoring Payment"). This Monitoring Payment shall be made in two equal installments of $5,000. The first installment shall be paid within thirty (30) days of the Effective Date of this Consent Decree and the second installment shall be paid within one year of the Effective Date of this Consent Decree. Each installment shall be paid by check or money order, made out to the Law Office of Nora J. Chorover, Client Trust Account, and be delivered by certified mail, return receipt requested, or by nationally recognized overnight delivery company, to Nora J. Chorover, at the address listed in Paragraph 22. Clean Water Action shall provide J.P. Routhier with an accounting of the amounts withdrawn from these funds by payee within ten days of the annual anniversary of the Effective Date of this Consent Decree. Any funds remaining at the expiration of two years from the Effective Date of this Consent Decree will be repaid to J.P. Routhier within thirty (30) days of the expiration of the Term of this Consent Decree. Nothing in this paragraph or in this Consent Decree shall restrict Clean Water Action's right to seek additional compensation for fees or costs that it incurs to enforce J.P. Routhier's compliance with the terms

Case 1:16-cv-10457-DPW Document 12-1 Filed 08/23/16 Page 7 of 14

of this Consent Decree, and nothing herein shall be construed as a waiver of J.P. Routhier's right to contest any such action.

**EFFECTIVE DATE OF CONSENT DECREE**

6. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), this Consent Decree cannot be entered until forty-five (45) days after the receipt of a copy of the proposed Consent Decree by the United States Attorney General and EPA. Therefore, upon signing of this Consent Decree by the parties, Clean Water Action shall serve, or cause to be served, copies of this Consent Decree upon the EPA Administrator, the Regional EPA Administrator, and the Attorney General for review, as required by 40 C.F.R. § 135.5. Upon the expiration of the forty-five (45) day review period provided by 33 U.S.C. § 1365(c)(3), the parties will jointly move the Court for entry of this Consent Decree and issuance of a Final Judgment and jointly seek a Dismissal with Prejudice. The date that the Court enters this Consent Decree as a final judgment and dismisses this case with prejudice is the Effective Date of this Consent Decree. In the event the Court does not so enter this Consent Decree in the form presented as a final judgment, subject to Paragraph 05 below, the provisions of this Consent Decree shall be null and void and of no effect.

**RELEASE**

7. Upon the Effective Date of this Consent Decree, Clean Water Action, on its own behalf and on behalf of its members, parents, subsidiaries, affiliates, successors, assigns, directors, officers, agents, attorneys, representatives, and employees, releases J.P. Routhier and all its members, parents, subsidiaries, affiliates, directors, officers, agents, attorneys, representatives, employees, predecessors in interest in or title to the Facility, successors, and assigns from, and waives forever all claims, whether known or unknown, for damages, penalties, fines, sanctions, mitigation, fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed or which could have been claimed in this Action, for the alleged failure

to comply with the Act and the Storm Water Permit at the Facility, up to and including the Effective Date of this Consent Decree. Clean Water Action does not release any claims to enforce any term of this Consent Decree. Clean Water Action does not release any claims for violations of the Storm Water Permit or the Act that may occur or continue after the Effective Date of this Consent Decree.

8. J.P. Routhier, on its own behalf and on behalf of its parents, subsidiaries, affiliates, predecessors in interest in or title to the Facility, successors, assigns, directors, officers, agents, attorneys, representatives, and employees, releases Clean Water Action and its members, subsidiaries, affiliates, successors, assigns, directors, officers, agents, attorneys, representatives, and employees from, and waives forever all claims, whether known or unknown, which arise from or pertain to this Action, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed or which could have been claimed for matters associated with or related to this Action up to and including the Effective Date of this Consent Decree. J.P. Routhier does not release any claims to enforce any term of this Consent Decree. J.P. Routhier does not release any claims for activities or events that may occur or continue after the Effective Date of this Consent Decree.

**DISPUTE RESOLUTION**

9. If a dispute under this Consent Decree arises, or either party believes that a breach of this Consent Decree has occurred, the parties shall meet and confer within fourteen (14) calendar days of receiving written notification from the other party of a request for a meeting to determine whether a violation has occurred and to develop a mutually agreed upon plan, including implementation dates, to resolve the dispute. If the parties fail to meet and confer, or the meet-and-confer does not resolve the issue, after at least seven (7) days have passed after the meet-and-confer occurred or should have occurred, either party shall be entitled to all rights and

remedies under the law, including filing a motion with the District Court of Massachusetts, which shall retain jurisdiction over this matter for the limited purposes of enforcement of the terms of this Consent Decree and in accordance with Paragraph 26. The parties shall be entitled to seek fees and costs incurred in any such motion, and the award of any such fees and costs shall be determined in accordance with the provisions set forth in Section 505(d) of the Clean Water Act, 33 U.S.C. §1365(d), applicable case law interpreting such provision, and any such other applicable law and case law.

**FORCE MAJEURE**

10. No party shall be considered to be in default in the performance of any of its obligations when a failure to perform is due to a “Force Majeure.” A Force Majeure event is any circumstances beyond the party’s control, including, without limitation, any act of God, war, fire, earthquake, flood, or restraint by court order or public authority. A Force Majeure event does not include normal inclement weather or inability to pay. Any party seeking to rely upon this paragraph shall have the burden of establishing that it could not reasonably have been expected to avoid, and has been unable to overcome by exercise of due diligence, the Force Majeure.

**MISCELLANEOUS PROVISIONS**

11. This Consent Decree was entered by the parties as a settlement of disputed matters, and neither this Consent Decree nor any action taken pursuant to it shall be construed as an admission of any fact or liability, either expressed or implied; and this Consent Decree shall not be offered by the parties hereto or any other person as evidence of any alleged fact or liability, nor entered in any legal or administrative proceeding for any purpose other than to enforce the terms hereof.

12. The Term of this Consent Decree shall be two (2) years after the Effective Date.

Case 1:16-cv-10457-DPW Document 12-1 Filed 06/28/16 Page 10 of 14

13. This Consent Decree shall be binding on the parties and on their respective successors and assigns.

14. This Consent Decree may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document.

15. Nothing in this Consent Decree shall be construed to limit in any way J.P. Routhier's obligations under any federal, state, or local law or regulation governing any activity required by this Consent Decree.

16. In the event that any of the provisions of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

17. The language in all parts of this Consent Decree, unless otherwise stated, shall be construed according to its plain and ordinary meaning.

18. The undersigned are authorized to execute this Consent Decree on behalf of their respective parties and have read, understood and agreed to all of the terms and conditions of this Consent Decree.

19. All agreements, covenants, representations and warranties, express or implied, oral or written, of the parties concerning the subject matter of this Consent Decree are contained herein. This Consent Decree and any attachments are made for the sole benefit of the parties, and no other person or entity shall have any rights or remedies under or by reason of this Consent Decree, unless otherwise expressly provided for therein.

20. The parties expressly understand and agree that each party has freely and voluntarily entered into this Consent Decree with and upon advice of counsel.

21. This Consent Decree and any attachments contain all of the terms and conditions agreed upon by the parties relating to the matters covered by the Consent Decree, and supersede any and all prior and contemporaneous agreements, negotiations, correspondence, understandings, and

Case 1:16-cv-10457-DPW Document 12-1 Filed 08/23/16 Page 11 of 14

communications of the parties, whether oral or written, respecting the matters covered by this Consent Decree. This Consent Decree may be amended or modified only by a writing signed by the parties or their authorized representatives, followed by order of the Court adopting such change.

22. Any notices or documents required or provided for by this Consent Decree or related thereto that are to be provided to Clean Water Action pursuant to this Consent Decree shall, unless otherwise provided in this Consent Decree, be hand delivered, sent by U.S. Mail, postage prepaid, or by nationally recognized overnight delivery company, and addressed as follows, or sent via electronic mail to:

Nora J. Chorover
Attorney for Clean Water Action
Law Office of Nora J. Chorover
11 Green Street
Boston, MA 02130
nchorover@choroverlaw.com

Any notices or documents required or provided for by this Consent Decree or related thereto that are to be provided to J.P. Routhier pursuant to this Consent Decree shall, unless otherwise provided in this Consent Decree, be hand delivered, sent by U.S. Mail, postage prepaid, or by nationally recognized overnight delivery company, and addressed as follows, or sent via electronic mail to:

Paul Routhier
President
J.P. Routhier & Sons Corp.
256 Ayer Road
Littleton, MA 01460
paul@jprouthier.com and rose@jprouthier.com

with a copy to:

Stephen M. Richmond
Beveridge & Diamond, P.C.
15 Walnut Street, Suite 400
Wellesley, MA 02481

srichmond@bdlaw.com

Each party shall notify the other parties of any change in their contact information within fourteen (14) days of any such change.

23. J.P. Routhier does not, by entering into this Consent Decree, waive any defenses or rights with respect to any allegation or claim asserted by anyone, including Clean Water Action, of any kind or nature arising or alleged after the date J.P. Routhier signs this Consent Decree, and J.P. Routhier does not waive any defenses or rights with respect to any allegation or claim which may be asserted by EPA or the Commonwealth of Massachusetts.

24. Signatures of the parties transmitted by facsimile or electronic mail are binding.

25. If for any reason the Court should decline to approve this Consent Decree in the form presented, the Consent Decree shall be null and void and the parties agree to work together in good faith to attempt to agree on modifications to this Consent Decree within thirty (30) days to make it acceptable to the Court.

26. This Court shall retain jurisdiction over this matter and allow this action to be reopened for the purpose of enabling the parties to this Consent Decree to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree.

Clean Water Action

By: ______________________________ Dated: June 28, 2016
Kathleen E. Aterno

J.P. Routhier & Sons Recycling Corp.

By:______________________________ Dated: ________________________

Case 1:16-cv-10457-DPW Document 12-1 Filed 06/28/16 Page 13 of 14

srichmond@bdlaw.com

Each party shall notify the other parties of any change in their contact information within fourteen (14) days of any such change.

23. J.P. Routhier does not, by entering into this Consent Decree, waive any defenses or rights with respect to any allegation or claim asserted by anyone, including Clean Water Action, of any kind or nature arising or alleged after the date J.P. Routhier signs this Consent Decree, and J.P. Routhier does not waive any defenses or rights with respect to any allegation or claim which may be asserted by EPA or the Commonwealth of Massachusetts.

24. Signatures of the parties transmitted by facsimile or electronic mail are binding.

25. If for any reason the Court should decline to approve this Consent Decree in the form presented, the Consent Decree shall be null and void and the parties agree to work together in good faith to attempt to agree on modifications to this Consent Decree within thirty (30) days to make it acceptable to the Court.

26. This Court shall retain jurisdiction over this matter and allow this action to be reopened for the purpose of enabling the parties to this Consent Decree to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree.

Clean Water Action

By: ____________________ Dated: ____________________

J.P. Routhier & Sons Recycling Corp.

By: [signature] Dated: 6/27/16

APPROVED:

________________________________
United States District Judge